# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| PATRICIA A. COKER, | ) |
|         Plaintiff, | ) ) ) |
| v. | ) ) Case No. CIV-14-449-JHP-SPS |
| CAROLYN W. COLVIN, **Acting Commissioner of the Social Security Administration,** | ) ) ) ) ) |
|         Defendant. | ) ) |

## REPORT AND RECOMMENDATION

The claimant Patricia A. Coker requests judicial review of a denial of benefits by the Commissioner of the Social Security Administration pursuant to 42 U.S.C. § 405(g). The claimant appeals the Commissioner's decision and asserts that the Administrative Law Judge ("ALJ") erred in determining she was not disabled. As discussed below, the undersigned Magistrate Judge RECOMMENDS that the Commissioner's decision be REVERSED and the case REMANDED to the ALJ for further proceedings.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if h[er] physical or mental impairment or impairments are of such severity that [s]he is not only unable to do h[er] previous work but cannot, considering h[er] age, education, and work experience, engage in any other kind of substantial gainful

work which exists in the national economy[.]" *Id.* § 423 (d)(2)(A). Social security regulations implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[1]

Section 405(g) limits the scope of judicial review of the Commissioner's decision to two inquiries: whether the decision was supported by substantial evidence and whether correct legal standards were applied. *See Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938). *See also Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996). The Court may not reweigh the evidence or substitute its discretion for the Commissioner's. *See Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 800 (10th Cir. 1991). But the Court must review the record as a whole, and "[t]he substantiality of evidence must take into account whatever in the record fairly detracts

---

[1] Step one requires the claimant to establish that she is not engaged in substantial gainful activity. Step two requires the claimant to establish that she has a medically severe impairment (or combination of impairments) that significantly limits her ability to do basic work activities. If the claimant *is* engaged in substantial gainful activity, or her impairment *is not* medically severe, disability benefits are denied. If she *does* have a medically severe impairment, it is measured at step three against the listed impairments in 20 C.F.R. Part 404, Subpt. P, App. 1. If the claimant has a listed (or "medically equivalent") impairment, she is regarded as disabled and awarded benefits without further inquiry. Otherwise, the evaluation proceeds to step four, where the claimant must show that she lacks the residual functional capacity (RFC) to return to her past relevant work. At step five, the burden shifts to the Commissioner to show there is significant work in the national economy that the claimant *can* perform, given her age, education, work experience and RFC. Disability benefits are denied if the claimant can return to any of her past relevant work or if her RFC does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias*, 933 F.2d at 800-01.

## Claimant's Background

The claimant was born on December 3, 1969, and was forty-three years old at the time of the administrative hearing (Tr. 32). She completed high school and one year of college, and has worked as an LPN (Tr. 20, 144). The claimant alleges she has been disabled since February 21, 2009, due to degenerative arthritis, diabetes, depression, and hypertension (Tr. 143).

## Procedural History

The claimant applied for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-434, and for supplemental security income benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-85, on June 2, 2011. Her applications were denied. ALJ Doug Gabbard II conducted an administrative hearing and found that the claimant was not disabled in a written opinion dated May 10, 2013 (Tr. 11-22). The Appeals Council denied review, so the ALJ's written opinion is the final decision of the Commissioner for purposes of this appeal. *See* 20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He found the claimant retained the residual functional capacity ("RFC") to perform sedentary work as defined in 20 C.F.R. §§ 404.1567(a) and 416.967(a), except that the claimant was limited to frequent balancing and stooping; only occasional climbing of stairs and ramps,

kneeling, crouching, and crawling; and no climbing of ladders, ropes, or scaffolds (Tr. 16). The ALJ concluded that although the claimant could not return to her past relevant work, she was nevertheless not disabled because there was work that she could perform, *i. e.*, appointment clerk and addresser (Tr. 21).

## Review

The claimant's sole contention of error is that the ALJ failed to properly analyze the opinion of state reviewing physician J. Kleppel, particularly as to her use of a cane. The undersigned Magistrate Judge agrees that the ALJ did not properly assess Dr. Kleppel's opinion, and the case should be reversed.

The ALJ determined that the claimant had the severe impairments of diabetes mellitus, osteoporosis, and degenerative joint disease in left knee (Tr. 13). The medical evidence relevant to this appeal reveals that the claimant underwent surgery on her left knee in January 2007, and post surgery evaluation revealed depression of the lateral tibial plateau with some filler in place, some depression, and a fixation screw in place (Tr. 258, 324). The claimant continued to report pain and showed limited to no signs of healing following the surgery (Tr. 333). An August 2011 x-ray of the left knee revealed postoperative changes involving the lateral tibial plateau, with no definite evidence of hardware failure (Tr. 348). An October 2011 x-ray of the hands revealed juxta-articular osteoporosis of the MCP and PIP joints suggesting early rheumatoid arthritis (Tr. 351). At a December 15, 2011 exam at Muskogee Bone & Joint, the claimant had 14/18 trigger points for fibromyalgia, and was assessed with fibromyalgia with a diagnosis of exclusion (Tr. 368-369). Dr. Isabel Vega submitted treatment records for the claimant

during 2012, during which time she consistently noted the claimant ambulated normally but had pain in neck with motion, limited range of motion of the left knee with some swelling, and muscle spasm with tender points on palpation of the mid and lower back (Tr. 431-461).

A state reviewing physician found in 2009 that the claimant could perform sedentary work, noting a restriction to a "sit down job only" was temporary, but that the inability to do prolonged walking or standing was credible and reflected in the sedentary RFC (Tr. 245-251). An unsigned physical RFC assessment by a state reviewing physician found the claimant could perform sedentary work limited to any combination of standing and/or walking maximum two hours a day due to her osteoarthritis, with associated postural limitations (Tr. 397-398).

Consultative examiner Ronald Schatzman, M.D., conducted a physical examination of the claimant on April 22, 2009 (Tr. 199). He noted that she had pain in her lower legs when walking but heel/toe walking was normal, she walked with an antalgic limp to the left leg and the left leg went into slight valgus with each step, but she did not require an assistive device for ambulation (Tr. 225). He assessed her with diabetes mellitus, tobacco abuse, severe degenerative arthritis left knee, hypertension, and post thyroidectomy (Tr. 225).

Dr. Kleppel's assessment, dated January 25, 2012, found that the claimant could perform sedentary work with some postural limitations, but noted that the claimant: (i) had limited push/pull of the left lower extremity to occasional based on her left knee degenerative joint disease and use of brace, (ii) could stand/walk two hours in an eight-

hour workday, and (iii) used the cane for indoor/outdoor which meant her lift/carry while standing/walking with hand not using the cane was sedentary, but with the cane only frequently slightly less than ten pounds (Tr. 405).

Dr. Michael Roberts conducted a second physical exam on August 22, 2011, noting that the claimant's gait was normal for safety but slow and unstable without a cane and stable with her cane (Tr. 341). He noted she was unable to heel or toe walk, slow to get up from a chair, and slow to get on and off the examination table (Tr. 342). He assessed her with lower back pain and left knee pain, noting limited range of motion of the lumbar and cervical spines, and pain with active range of motion of the cervical spine (Tr. 341-344, 347).

In his written opinion, the ALJ extensively summarized the claimant's testimony and her medical records. The ALJ recited the notations regarding the claimant's use of a cane at various times in the record, stating that the "record reflects only occasional usage of a cane" (Tr. 19). In discussing the opinion evidence, the ALJ gave great weight to the state reviewing physician opinions as being "generally consistent with the overall evidence contained in the record" (Tr. 20).

"An ALJ must evaluate every medical opinion in the record, although the weight given each opinion will vary according to the relationship between the disability claimant and the medical professional. . . . An ALJ must also consider a series of specific factors in determining what weight to give any medical opinion." *Hamlin v. Barnhart*, 365 F.3d 1208, 1215 (10th Cir. 2004) [internal citation omitted] [emphasis added], *citing Goatcher v. United States Department of Health & Human Services*, 52 F.3d 288, 290 (10th Cir.

1995). The pertinent factors are: (i) the length of treatment relationship and frequency of examination; (ii) nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (iii) the degree to which the physician's opinion is supported by relevant evidence; (iv) consistency between the opinion and the record as a whole; (v) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (vi) other factors brought to the ALJ's attention which tend to support or contradict the opinion. *Watkins v. Barnhart*, 350 F.3d 1297, 1300-01 (10th Cir. 2003), *citing Drapeau v. Massanari*, 255 F.3d 1211, 1213 (10th Cir. 2001). Social Security Ruling 96–6p indicates that the ALJ "must consider and evaluate any assessment of the individual's RFC by a State agency medical or psychological consultant and by other program physicians and psychologists." 1996 WL 374180, at *4 (July 2, 1996). These opinions are to be treated as medical opinions from non-examining sources. *Id.* at *2. Although the ALJ is not bound by a state agency physician's determination, he cannot ignore it and must explain the weight given to the opinion in his decision. *Id. See also Valdez v. Barnhart,* 62 Fed. Appx. 838, 841 (10th Cir. 2003) ("If an ALJ intends to rely on a non-examining source's opinion, he must explain the weight he is giving it.") [unpublished opinion], *citing* 20 C.F.R. § 416.927(f)(2)(ii).

In this case, the ALJ gave great weight to the Dr. Kleppel's opinion, but rejected (by failing to include or discuss) the statements regarding her limitations on the use of her left lower extremity due to degenerative joint disease, as well as the use of a cane and its attendant effects. The ALJ did not, however, provide any explanation for such rejection.

*See, e. g., Haga v. Astrue*, 482 F.3d 1205, 1208 (10th Cir. 2007) ("An ALJ is not entitled to pick and choose through an uncontradicted medical opinion, taking only the parts that are favorable to a finding of nondisability."), *citing Robinson v. Barnhart*, 366 F.3d 1078, 1083 (10th Cir. 2004) and *Hamlin v. Barnhart*, 365 F.3d 1208, 1219 (10th Cir. 2004). *See also Briggs ex rel. Briggs v. Massanari,* 248 F.3d 1235, 1239 (10th Cir. 2001) ("Although the ALJ need not discuss all of the evidence in the record, he may not ignore evidence that does not support his decision, especially when that evidence is 'significantly probative.'"). This is particularly problematic where, as here, the claimant's ability to walk and lift are affected by the use of a cane, but the ALJ did not include his findings in his opinion. *See Martinez v. Astrue*, 422 Fed. Appx. 719, 725 (10th Cir. 2011) ("To be sure, the ALJ may have had his reasons for giving portions of Dr. LaGrand's opinion 'great weight,' but then disregarding other, probative portions of her opinion. However, before doing so, the ALJ was required to discuss why he ignored this evidence.") [internal citations omitted].

Because the ALJ failed to properly evaluate the Dr. Kleppel's opinion, the decision of the Commissioner should be reversed and the case remanded for further analysis by the ALJ. If this results in adjustments to the claimant's RFC, the ALJ should then re-determine what work, if any, the claimant can perform and ultimately whether she is disabled.

## Conclusion

The undersigned Magistrate Judge finds that correct legal standards were not applied by the ALJ and that the decision of the Commissioner is therefore not supported

by substantial evidence. Accordingly, the Magistrate Judge RECOMMENDS that the ruling of the Commissioner of the Social Security Administration be REVERSED and the case REMANDED for further proceedings not inconsistent herewith. Any objections to this Report and Recommendation must be filed within fourteen days. *See* Fed. R. Civ. P. 72(b).

     **DATED** this 3rd day of March, 2016.

_____
**STEVEN P. SHREDER**
**UNITED STATES MAGISTRATE JUDGE**